FOLKMAN LAW OFFICES, P.C.
By:	Paul C. Jensen, Jr., Esquire
	N.J. I.D. No.: 029882011
1949 Berlin Road, Suite 100
Cherry Hill, New Jersey 08003
(856) 354-9444
(856) 354-9776 (fax)                                              Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMERICAN NEIGHBORHOOD MORTGAGE ACCEPTANCE COMPANY, LLC d/b/a ANNIEMAC HOME MORTGAGE,<br><br>    Plaintiff,<br><br>vs.<br><br>JOSHUA LUND,<br><br>    Defendant. | Civil Action No.<br><br><br><br><br><br><br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, American Neighborhood Mortgage Acceptance Company, LLC d/b/a AnnieMac Home Mortgage ("AnnieMac"), by and through undersigned counsel, by way of Complaint against Defendant, Joshua Lund ("Lund"), avers as follows:

## PARTIES

1.	At all times relevant herein, AnnieMac was and is a limited liability company existing under the laws of the State of Delaware with its principle place of business located at 700 East Gate Drive, Suite 400, Mount Laurel, New Jersey 08054.

2.	At all times relevant herein, Lund was and is an individual residing at 11736 Meadow Run Circle, Fort Myers, Florida 33913.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.00.

4. The Court has personal jurisdiction over Lund because Lund has consented to the jurisdiction of the United States District Court for the District of New Jersey for any disputes arising out his employment agreement with AnnieMac.

5. Venue is properly laid pursuant to 28 U.S.C. § 1391 in the United States District Court for the District of New Jersey because a substantial part of the events giving rise to this dispute, and the damages sustained in this dispute, occurred within this District.

## FACTS COMMON TO ALL COUNTS

6. Pursuant to an Employment Offer Letter dated December 19, 2017 (the "Offer Letter"), AnnieMac offered Lund a position as a Full-Time Non-Originating Branch Manager commencing December 29, 2017, which Lund accepted.

7. On or about December 29, 2017, AnnieMac and Lund entered into a Branch Manager Employment Agreement (the "Agreement"). The Agreement provided, in pertinent part, that Lund's compensation would be based upon the terms of the Offer Letter, which was annexed to the Agreement as an exhibit.

8. On or about February 22, 2018, AnnieMac issued, and Lund accepted, a Revised Offer Letter (the "Revised Offer Letter"), which, *inter alia*, amended the terms of Lund's compensation. Lund signed the Revised Offer Letter.

9. Pursuant to the terms of the Revised Offer Letter, Lund was eligible to receive a Retention Bonus (the "Retention Bonus") in consideration for remaining employed by AnnieMac through certain dates, to wit,

| Pay Date | Retention Bonus Amount |
|---|---|
| January 25, 2018 | $38,000.00 |
| February 9, 2018 | $1,500.00 |
| February 23, 2018 | $21,500.00 |
| March 9, 2018 | $11,500.00 |

| | |
|---|---|
| March 23, 2018 | $11,500.00 |
| April 10, 2018 | $11,500.00 |
| April 25, 2018 | $11,500.00 |
| May 10, 2018 | $11,500.00 |
| May 25, 2018 | $11,500.00 |
| June 8, 2018 | $11,500.00 |
| June 25, 2018 | $11,500.00 |
| **TOTAL:** | **$153,000.00** |

10. The Revised Offer Letter further provided that, should Lund voluntarily resign his employment for any reason prior to working for a twelve-month period, Lund would be obligated to return any and all Retention Bonus paid to Lund. Specifically, the Revised Offer Letter states:

> In the event that you voluntarily terminate your employment with [AnnieMac] or your employment with [AnnieMac] is terminated for cause at any point prior to the expiration of twelve (12) months following receipt of Retention Bonus, you agree that you will be responsible for reimbursing [AnnieMac] for the entire amount of any Retention Bonus paid to you. Any repayment amount due shall become due and payable to [AnnieMac] immediately upon demand.

(Revised Offer Letter at 2.)

11. The Revised Offer Letter further provides that, "[s]hould it become necessary for [AnnieMac] to collect any payment due, [Lund] agree[s] to reimburse [AnnieMac] for all reasonable costs of collection and/or litigation, including necessary and reasonable attorneys' fees." (Revised Offer Letter at 2.)

12. AnnieMac did pay, and Lund did receive, the full amount of the Retention Bonus totaling $153,000.00.

13. On or about February 22, 2018, after being employed by AnnieMac for approximately nine months, Lund voluntarily terminated his employment with AnnieMac.

14. Despite written demand that Lund immediately reimburse AnnieMac the full amount of the Retention Bonus, to date, AnnieMac has not been reimbursed by Lund in the full amount of the Retention Bonus.

15. As a result of the above, AnnieMac has been damaged.

## FIRST COUNT
### Breach of Contract

16. AnnieMac incorporates herein by reference the averments of the preceding paragraphs.

17. Lund has breached his agreement(s) with AnnieMac by failing to reimburse AnnieMac the full amount of the Retention Bonus following written demand.

18. AnnieMac has suffered damages as a direct and proximate result of Lund's breach.

19. As a result of the above, AnnieMac has been damaged.

WHEREFORE, AnnieMac prays for judgment in its favor and against Lund together with compensatory damages, consequential damages, attorneys' fees, costs of suit, interest, and such other relief as is deemed to be just and equitable.

## SECOND COUNT
### Unjust Enrichment

20. AnnieMac incorporates herein by reference the averments of the preceding paragraphs.

21. Lund received a benefit from AnnieMac in the form of the Retention Bonus.

22. AnnieMac expected remuneration from Lund in the event that Lund voluntarily terminated his employment within twelve (12) months of his date of hire.

23. Retention of that benefit would be unjust because Lund voluntarily terminated his employment approximately nine (9) months from his date of hire.

24. As a result of the above, Lund was unjustly enriched beyond his contractual rights.

25. As a result of the above, AnnieMac has been damaged.

WHEREFORE, AnnieMac prays for judgment in its favor and against Lund together with compensatory damages, consequential damages, attorneys' fees, costs of suit, interest, and such other relief as is deemed to be just and equitable.

## THIRD COUNT
### Breach of the Implied Covenant of Good Faith and Fair Dealing

26. AnnieMac incorporates herein by reference the averments of the preceding paragraphs.

27. The agreement(s) between AnnieMac and Lund created a duty of good faith and fair dealing on the part of Lund.

28. Lund intentionally and in bad faith breached his respective duty by failing to reimburse AnnieMac the full amount of the Retention Bonus following written demand.

29. As a result of the above, AnnieMac has been damaged.

WHEREFORE, AnnieMac prays for judgment in its favor and against Lund together with compensatory damages, consequential damages, attorneys' fees, costs of suit, interest, and such other relief as is deemed to be just and equitable.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, AnnieMac demands a trial by jury in this action of all issue so triable.

FOLKMAN LAW OFFICES, P.C.

By: _/s/ Paul C. Jensen, Jr._
PAUL C. JENSEN, JR.

Dated: January 31, 2019