# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| AMERICAN NEIGHBORHOOD MORTGAGE ACCEPTANCE COMPANY, LLC d/b/a ANNIEMAC HOME MORTGAGE, | : : : : | |
| Plaintiff, | : | Civil Action No. 19-cv-03666-NLH-JS |
| v. | : : | |
| JOSHUA LUND; MATTHEW BENSON; JAMES SCHAEFER; MARK TRUDEAU; and GOLD STAR MORTGAGE FINANCIAL CORPORATION | : : : : | **[PROPOSED] ORDER DENYING MOTION TO DISMISS [ECF NO. 28]** |
| Defendants. | : | |

Upon review of Defendant Joshua Lund's Motion to Dismiss Pursuant to Fed. R. Civ. Pro. 12(b)(6) and Motion to Compel Arbitration, and Plaintiff American Neighborhood Mortgage Acceptance Company, LLC d/b/a AnnieMac Home Mortgage's opposition thereto, IT IS on this _____ day of _____, 2019

HEREBY ORDERED, that the Motion to Dismiss [ECF No. 28] is DENIED and Defendant Joshua Lund is directed to respond to the Second Amended Complaint on or before _____, 2019.

_____
U.S.D.J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| AMERICAN NEIGHBORHOOD MORTGAGE ACCEPTANCE COMPANY, LLC d/b/a ANNIEMAC HOME MORTGAGE, | : : : : | |
| Plaintiff, | : : | Civil Action No. 19-cv-03666-NLH-JS |
| v. | : : | |
| JOSHUA LUND; MATTHEW BENSON; JAMES SCHAEFER; MARK TRUDEAU; and GOLD STAR MORTGAGE FINANCIAL CORPORATION | : : : : : | |
| Defendants. | : | |

**PLAINTIFF ANNIEMAC HOME MORTGAGE'S OPPOSITION TO DEFENDANT JOSHUA LUND'S MOTION TO DIMISS PURSUANT TO FED R. CIV. PRO. 12(b)(6) AND MOTION TO COMPEL ARBITRATION**

Zachary Glaser, Esquire
John J. Allegretto, Esquire
Ten Penn Center
1801 Market Street, Suite 2300
Philadelphia, PA 19103
(t) (267) 319-1300
(f) (267) 338-1335
zglaser@offitkurman.com
jallegretto@offitkurman.com

*Attorneys for Plaintiff*

## **Table of Contents**

INTRODUCTION ...................................................................................1

STATEMENT OF FACTS .........................................................................1

ARGUMENT .........................................................................................3

   I.   Lund Waived His Right to Arbitration..............................................3

     a.   Lund's five-month delay in seeking arbitration is untimely. ........................4

     b.   Lund has not only contested the merits of the case but actually filed a counterclaim that asserts this Court has jurisdiction and is the proper venue. ...5

     c.   Lund did not advise AnnieMac or this Court that he would seek arbitration despite multiple opportunities to raise the issue.................................................7

     d.   Lund indicated that he would challenge AnnieMac's motion for leave to file the Second Amended Complaint until the parties had a conference with the Court on the matter. ...........................................................................8

     e.   Lund has never indicated that he did not assent to the Court's orders. ........8

CONCLUSION ......................................................................................9

## Table of Authorities

**Cases**

<u>Demsey & Assocs., Inc. v. S.S. Sea Star</u>.
  461 F.2d 1009 (2d Cir. 1972) ...............................................................6

<u>Eagle Traffic Control v. James Julian, Inc.</u>,
  945 F. Supp. 834 (E.D. Pa. 1996) .......................................................4

<u>Gavlik Constr. Co. v. H. F. Campbell Co.</u>,
  526 F.2d 777 (3d Cir. 1975) ..........................................................4, 5

<u>Gray Holdco, Inc. v. Cassady</u>,
  654 F.3d 444 (3d Cir. 2011) ...............................................................4

<u>Hilti, Inc. v. Oldach</u>,
  392 F.2d 368 (1st Cir. 1968)...............................................................6

<u>Hoxworth v. Blinder, Robinson & Co.</u>,
  980 F.2d 912 (3d Cir. 1992) ...............................................................3

<u>Painewebber Inc. v. Faragalli</u>,
  61 F.3d 1063 (3d Cir. 1995) ...............................................................4

<u>Palcko v. Airborne Express, Inc.</u>,
  372 F.3d 588 (3d Cir. 2004) ............................................................2,4

<u>Perry v. Sonic Graphic Sys.</u>,
  94 F. Supp. 2d 623 (E.D. Pa. 2000) ...................................................8

<u>Pharmacy Benefit Managers Antitrust Litig.</u>,
  700 F.3d 109 (3d Cir. 2012) ..........................................................3, 4

<u>Reynolds Jamaica Mines, Ltd. v. La Societe Navale Caennaise</u>,
  239 F.2d 689 (4th Cir. 1956) ..............................................................6

<u>Wood v. Prudential Ins. Co. of Am.</u>,
  207 F.3d 674 (3d Cir. 2000) ...............................................................4

**Rules**

*Fed. R. Civ. Pro. 12(b)(6)* ..........................................................................1

ii

Plaintiff, American Neighborhood Mortgage Acceptance Company, LLC d/b/a AnnieMac Home Mortgage ("AnnieMac"), by and through its undersigned counsel, opposes Defendant Joshua Lund's ("Lund") *Motion to Dismiss Pursuant to Fed. R. Civ. Pro. 12(b)(6) and Motion to Compel Arbitration* (the "Motion").

## INTRODUCTION

In January of this year, AnnieMac sued Lund in this Court in an action to enforce terms of an employment agreement.  Lund did not move to compel arbitration, in spite of the existence of an arbitration provision in his Branch Manager Agreement ("Agreement") that he only now seeks to enforce.  In March, Lund answered the Complaint and asserted counterclaims seeking to invalidate the Agreement containing the arbitration provision.  No objection to this Court's jurisdiction or the litigation of this matter was raised.  To the contrary, Lund specifically asserted that this Court had jurisdiction over this matter and that venue is proper with the Court.  See Lund's *Answer, Affirmative Defenses and Counterclaims* ("Answer") to AnnieMac's *Amended Complaint*, ECF No. 11. Lund had a "second bite at the apple" when AnnieMac sought the Court's leave to file the Second Amended Complaint.  Lund again did not indicate any desire the seek arbitration or any notion that the Court lacks jurisdiction until after this Court granted AnnieMac's motion for leave to amend and the *Second Amended Complaint* was filed and served.  The critical jurisdictional link by which

1

AnnieMac has sued Mr. Lund's cohorts and current employer in this action is Mr. Lund, himself.   Now, six months into the ligation, with reams of motion papers drafted, filed and ruled on by this Court and all of Mr. Lund's cohorts and his current employer brought into this case, Lund suddenly has a preference for arbitration, first mentioned by way of an email to counsel on June 27, 2019.

If Lund had an actual preference for arbitration or an honest belief that this Court is an improper venue for a lawsuit relating to his AnnieMac employment agreement, such views would have been raised months ago.  The present motion, however, is brought as a litigation trick – with an intention to make this litigation prohibitively expensive for AnnieMac.  The fact that AnnieMac has already spent significant time and resources on this litigation in reliance on Lund's preference for litigation instead of arbitration, this litigation gamesmanship and the prejudice caused thereby should not be countenanced.  Accordingly, AnnieMac requests that the Court deny Lund's Motion and order him to respond to the *Second Amended Complaint*.

## STATEMENT OF FACTS

AnnieMac incorporates by reference all factual averments set forth in its *Second Amended Complaint* ("Complaint") (ECF No. 21).

## ARGUMENT

The Third Circuit supports the practice of treating a motion to compel arbitration as a motion to dismiss for failure to state a claim upon which relief can be granted.  Palcko v. Airborne Express, Inc., 372 F.3d 588, 597 (3d Cir. 2004).

## I.  Lund Waived His Right to Arbitration.

A court may refuse to enforce an arbitration agreement "where a party has acted inconsistently with the right to arbitrate, and [the Third Circuit] will not hesitate to hold that the right to arbitrate has been waived where a sufficient showing of prejudice has been made by the party seeking to avoid arbitration."  In re Pharmacy Benefit Managers Antitrust Litig., 700 F.3d 109, 117 (3d Cir. 2012). "[P]rejudice is the touchstone for determining whether the right to arbitrate has been waived."  Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912, 926 (3d Cir. 1992).

The Third Circuit has established six factors to determine where waiver of arbitration has occurred: (1) timeliness or lack thereof of the motion to arbitrate; (2) extent to which the party seeking arbitration has contested the merits of the opposing party's claims; (3) whether the party seeking arbitration informed its adversary of its intent to pursue arbitration prior to seeking to enjoin the court proceedings; (4) the extent to which a party seeking arbitration engaged in non-

3

merits motion practice; (5) the party's acquiescence to the court's pretrial orders; and (6) the extent to which the parties have engaged in discovery.  Id. at 926.

Here, every factor except the final falls in AnnieMac's favor.  The fact that discovery was not taken does not prevent this Court from finding waiver.  See In re Pharmacy Benefit Managers Antitrust Litig., 700 F.3d, at 120. (finding that arbitration had been waived even were no discovery had taken place).  Because all but a single of the factors greatly weigh in favor of AnnieMac and AnnieMac will be prejudiced if Lund's Motion is granted, Lund's Motion must be dismissed.

### a.  Lund's five-month delay in seeking arbitration is untimely.

Courts in this circuit have declined to find waiver is established in instances where the party seeking to compel arbitration raises the issue almost immediately after the matter comes before the court.  See Palcko v. Airborne Express, Inc., 372 F.3d 588, 598 (3d Cir. 2004) (38 days); Painewebber Inc. v. Faragalli, 61 F.3d 1063, 1069 (3d Cir. 1995) (two months); Wood v. Prudential Ins. Co. of Am., 207 F.3d 674, 680 (3d Cir. 2000) (one-and-a-half months); and Gavlik Constr. Co. v. H.F. Campbell Co., 526 F.2d 777, 783-84 (3d Cir. 1975) (arbitration motion made "immediately" after removing case to federal court).  In comparison, a multi-month delay has been found to establish a waiver.  For instance, a seven-month delay and a ten-month delay were each sufficient to find a waiver.  See Eagle Traffic Control v. James Julian, Inc., 945 F. Supp. 834, 835 (E.D. Pa. 1996); and In re Pharmacy Benefit Managers Antitrust Litig., 700 F.3d, at 118.  Moreover, it is significant

4

whether the moving party offers any explanation for the delay.  <u>Gray Holdco, Inc.</u>

<u>v. Cassady</u>, 654 F.3d 444, 454 (3d Cir. 2011).

Here, Lund offers no explanation for the delay associated with notifying

Plaintiff and the Court that he wishes to compel arbitration.  Rather than justify the

inordinate amount of time that has passed, Lund seeks to position this as only a

three week-delay from that filing of the *Second Amended Complaint*.  But such an

argument is not compelling because the causes of action against Lund have not

changed from the first complaint filed against him in January 2019.  Lund was put

on notice at that time that he was being sued for a breach of his Branch Manager

Agreement.  The same Agreement that contains the arbitration provision that Lund

now seeks to rely on.  Lund has known since the first pleading in this case the basis

of the allegations against him.  Therefore, three weeks is not the proper time for

which to gauge Lund's delay, and the true five-month delay comports with cases

finding waiver.

    **b.** **<u>Lund has not only contested the merits of the case but actually filed a</u>**
        **<u>counterclaim that asserts this Court has jurisdiction and is the</u>**
        **<u>proper venue.</u>**

In support of his position that a counterclaim does not establish a waiver,

Lund offers a single citation advocating that asserting a counterclaim, alone, does

not necessarily constitute a waiver.  <u>See</u> <u>Gavlik Constr. Co. v. H. F. Campbell Co.</u>,

526 F.2d 777, 783 (3d Cir. 1975) ("answering on the merits, asserting a

counterclaim (or cross-claim) or participating in discovery, without more, will not necessarily constitute a waiver."  However, Lund's attempted application of this statement in the present matter is disingenuous of the meaning of the statement. The <u>Gavlik</u> court attributed this quote to the Second Circuit in <u>Demsey & Assocs., Inc. v. S.S. Sea Star</u>.  461 F.2d 1009, 1018 (2d Cir. 1972).   In the <u>Demsey</u> case, the party moving for arbitration had asserted a cross-claim and the Court found that there was a waiver of arbitration.  <u>Id</u>., at 1017-1018.  There the court was commenting on two prior decisions from other circuits in weighing to find waiver. <u>Id</u>.   In one instance, a counterclaim was asserted and then omitted in an amended answer and that court found against waiver.  <u>Id</u>. (citing <u>Reynolds Jamaica Mines, Ltd. v. La Societe Navale Caennaise</u>, 239 F.2d 689 (4th Cir. 1956)).  In the other case, a defendant answered a complaint and asserted a "special defense of arbitration."  While there was no waiver in that case, the Second Circuit reasoned that the result might have been different had defendant asserted a counterclaim.  <u>Id</u>. (citing <u>Hilti, Inc. v. Oldach</u>, 392 F.2d 368 (1st Cir. 1968)).   However, the Dempsey Court actually found waiver, given the cross-claim, and stated: "We have found no cases, however, where arbitration has been allowed after a party has answered on the merits, asserted a cross-claim that was answered, participated in discovery, failed to move for a stay, and gone to trial on the merits."  Thus, the

6

statement that a counter-claim may not alone establish waiver does not save Lund in the instant matter.

In his *Answer*, Lund asserted nine affirmative defenses, but none of those indicate any intention that Lund would attempt to argue that the Court lacks jurisdiction over this matter.  Furthermore, in the fourth through sixth averments of his counterclaims, Lund argues that this Court has jurisdiction and that it is the proper venue to hear his counterclaim for breach of the Branch Manager Agreement.  It is simply incredulous that after advocating for jurisdiction with this Court, Lund would turn around and dispute that jurisdiction.  Accordingly, this factor also clearly cuts in AnnieMac's favor.

### c.  Lund did not advise AnnieMac or this Court that he would seek arbitration despite multiple opportunities to raise the issue.

In support of this factor, Lund states only that he informed AnnieMac of his intention to seek arbitration prior to filing his Motion.  Lund does not, because he cannot, assert that Lund ever raised any discussion about arbitration at a prior date. Instead, Lund delayed providing any notice of his intention until five months after litigation was initiated.  All the while, Lund had the arbitration provision readily available to him and could have advised AnnieMac at any time that he might seek to compel arbitration.  Instead, Lund strategically delayed his position until after AnnieMac and the Court expended resources on the matter.

7

**d.  <u>Lund indicated that he would challenge AnnieMac's motion for leave to file the Second Amended Complaint until the parties had a conference with the Court on the matter.</u>**

Lund argues that he has not engaged the Court in motion practice on this matter.  However, Lund represented that he was challenging Plaintiff's motion for leave to file the Second Amended Complaint up until such time as the Court indicated that it would likely grant AnnieMac's motion.  At a conference with Magistrate Judge Schneider on May 20, 2019, Lund's counsel offered various arguments that he planned to raise in response to Plaintiff's motion for leave.  Only after his arguments were heard and unpersuasive did Lund later decide not to assert these arguments in a written opposition.

This point in time is pivotal to a finding of waiver as AnnieMac expended significant resources to join additional Defendants to this matter.  Had Lund raised arbitration as a defense in his Answer or notified AnnieMac when it advised of its intention to amend the complaint again, AnnieMac could have saved significant resources.  Instead, by remaining silent, Lund essentially coxed AnnieMac into furthering this litigation, which has created significant detriment and prejudice to AnnieMac.  Because Lund failed to timely raise arbitration or notify Plaintiff of his intent, and instead allowed the court to proceed with a non-merit motion, this factor again favors AnnieMac.

8

### e. **Lund has never indicated that he did not assent to the Court's orders.**

A tardy indication of seeking to arbitrate, combined with a position that indicates assent to a court's orders, is sufficient to cast this factor in favor of AnnieMac.  Perry v. Sonic Graphic Sys., 94 F. Supp. 2d 623, 625 (E.D. Pa. 2000) (moving party gave the court no reason to believe that it intended to arbitrate, and all indications were that it would comply with court's order).  Not only did Lund fail to advise Plaintiff and the Court of his intent to arbitrate in a timely-manner, but he also actively argued that the Court has jurisdiction.  Clearly, Lund indicated that he intended to comply with any order that the Court issued.

## CONCLUSION

Based on the foregoing, Lund's Motion should be denied, and Defendant Lund should be ordered to respond to Plaintiff's Second Amended Complaint.

Dated: July 22, 2019

/s/   *Zachary Glaser*
Zachary Glaser, Esquire
John J. Allegretto, Esquire
Ten Penn Center
1801 Market Street, Suite 2300
Philadelphia, PA 19103
(t) (267) 319-1300
(f) (267) 338-1335
zglaser@offitkurman.com
jallegretto@offitkurman.com
*Attorneys for Plaintiff, AnnieMac Home Mortgage*

9

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Opposition to Defendant Joshua Lund's Motion to Dismiss and Motion to Compel Arbitration was served on July 22, 2019 upon counsel of record for Defendant Lund and Defendant Gold Start Mortgage Financial Corporation through CM/ECF:

Peter Goodman, Esquire
Law Office of Peter G. Goodman, PLLC
30 Broad Street, 37th Floor
New York, NY 10004
*peter@goodmanpllc.com*

Jonathan D. Ash, Esquire
Allison L. Hollows, Esquire
Fix Rothschild LLP
Princeton Pike Corporate Center
997 Lenox Drive
Lawrenceville, NJ 08648
*jash@foxrothschild.com*
*ahollows@foxrothschild.com*

I further certify that a true and correct copy were served upon each additional defendant via U.S. Mail:

Matthew Benson
13 4th Avenue N., #102
Minneapolis, MN 55401

James Schaefer
5110 Trenton Lane N.
Plymouth, MN 55442

Mark Trudeau
6434 City West Parkway
Eden Prairie, MN 55344

/s/   *Zachary Glaser*
Zachary Glaser

10