**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| AMERICAN NEIGHBORHOOD MORTGAGE ACCEPTANCE COMPANY, LLC d/b/a ANNIEMAC HOME MORTGAGE,<br><br>Plaintiff,<br>v.<br><br>JOSHUA LUND, MATTHEW BENSON, JAMES SCHAEFER, MARK TRUDEAU and GOLD STAR MORTGAGE FINANCIAL CORPORATION,<br><br>Defendants. | Civil Action No. 1:19-cv-3666-NLH-JS |
|---|---|

**DEFENDANT GOLD STAR MORTGAGE FINANCIAL CORPORATION'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT [ECF NO. 21] FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE PURSUANT TO FED. R. CIV. P. 12(b)(2) AND 12(b)(3)**

Jonathan D. Ash, Esq.
Allison L. Hollows, Esq.
**FOX ROTHSCHILD LLP**
Princeton Pike Corporate Center
997 Lenox Drive
Lawrenceville, NJ 08648
Tel: (609) 896-3600
Fax: (609) 896-1469
jash@foxrothschild.com
ahollows@foxrothschild.com

*Attorneys for Defendant Gold Star Mortgage Financial Corp.*

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................ 1

ARGUMENT........................................................................................ 2

A. THE COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF HAS FAILED TO ESTABLISH BOTH A BASIS FOR GENERAL JURISDICTION AND SPECIFIC JURISDICTION................. 2

1. The Court Lacks General Jurisdiction over Gold Star. ........................ 2

i. Gold Star Does Not Have Continuous and Systematic Contacts with New Jersey to the Extent Necessary to Warrant Exercise of General Jurisdiction................................. 2

ii. Gold Star has Not Consented to General Jurisdiction in New Jersey.................................................................... 5

2. The Court Lacks Specific Jurisdiction over Gold Star........................ 7

B. VENUE IN NEW JERSEY IS IMPROPER BECAUSE IT DOES NOT MEET THE REQUIREMENTS OF 28 U.S.C. § 1391 AND THE FORUM SELECTION CLAUSE IN LUND'S EMPLOYMENT AGREEMENT DOES NOT APPLY. ...................................................... 11

CONCLUSION ........................................................................................ 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Agbottah v. Orange Lake Country Club*,
No. 12-cv-1019 (FLW), 2012 WL 2679440 (D.N.J. July 6, 2012) ....................3

*Allied-Signal Inc. v. Purex Ind., Inc.*,
242 N.J. Super 362 (App. Div. 1990) ....................5

*Bane v. Netlink, Inc.*,
925 F.2d 637 (3d Cir. 1991) ....................5, 6

*Burnham v. Super. Court of California*,
495 U.S. 604 (1990) ....................5

*Christie v. Nat'l Inst. for Newman Studies*,
258 F. Supp. 3d 494 (D.N.J. 2017) ....................7, 8, 9, 10, 11

*Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*,
709 F.2d 190 (3d Cir. 1983) ....................12

*Daimler AG v. Bauman*,
571 U.S. 117 (2014) ....................2, 3, 4, 5, 7

*Display Works, LLC v. Bartley*,
182 F. Supp. 3d 166 (D.N.J. 2016) ....................3, 4, 6, 7

*Four River Expl., LLC v. Bird Res., Inc.*,
No. 09-cv-3158 (JAP), 2010 WL 216369 (D.N.J. Jan. 15, 2010) ....................12

*Hugel v. Corporation of Lloyd's*,
999 F.2d 206 (7th Cir. 1993) ....................11

*IMO Indus., Inc. v. Kiekert AG*,
155 F.3d 254 (1998) ....................8, 9

*Isaacs v. Trustees of Dartmouth Coll.*,
No. 13-cv-5708, 2014 WL 4186536 (E.D. Pa. Aug. 25, 2014) ....................11

*Jordan v. SEI Corp.*,
No. 96-cv-1616, 1996 WL 296540 (E.D. Pa. June 4, 1996) ....................11

*Kubin v. Orange Lake Country Club, Inc.*,
No. 10-cv-1643 (FLW), 2010 WL 3981908 (D.N.J. Oct. 8, 2010) .................3, 6

*Litton Indus. Sys., Inc. v. Kennedy Van Saun Corp.*,
117 N.J. Super. 52 (Law Div. 1971)..........................................................5, 6, 7

*Manetti–Farrow, Inc. v. Gucci America, Inc.*,
858 F.2d 509 (9th Cir. 1988)..........................................................................12

*McCourt v. A.O. Smith Water Products Co.*,
No. 14-cv-221 (MCA), 2015 WL 4997403 (D.N.J. Aug. 20, 2015) ...........3, 5, 6

*Otsuka Pharmaceutical Co., Ltd. v. Mylan Inc.*,
106 F. Supp. 3d 456 (D.N.J. 2015)...................................................................6

*Randolph Labs v. Specialties Dev. Corp.*,
62 F. Supp. 897 (D.N.J. 1945) .........................................................................5

*Sadler v. Hallsmith SYSCO Food Servs.*,
No. 08–cv-4423 (RBK)(JS), 2009 WL 1096309 (D.N.J. Apr. 21, 2009) ...........................................................................................................5, 6

*Sahara Sam's Oasis, LLC v. Adams Companies, Inc.*,
No. 10-cv-0881(RMB)(AMD), 2010 WL 3199886 (D.N.J. Aug. 12, 2010)..........................................................................................................12

*Senju Pharm. Co., Ltd. v. Metrics, Inc.*,
96 F. Supp. 3d 428 (D.N.J. 2015)................................................................3, 5

*Smith v. S & S Engineering Works*,
139 F. Supp. 2d 610 (D.N.J. 2001)...................................................................3

*Strategic Prods. and Servs., LLC v. Integrated Media Techs., Inc.*,
No. 18-cv-00694 (KSH)(CLW), 2019 WL 2067551 (D.N.J. May 10, 2019)............................................................................................................9

*Walden v. Fiore*,
571 U.S. 277 (2014)...................................................................................7, 8, 9

**Statutes**

28 U.S.C. § 1391.............................................................................................1, 11

Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.* ................................2, 13

Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq.* .........................................1, 13

**Other Authorities**

Fed. R. Civ. P. 12(b)(2)..........................................................................................2

Fed. R. Civ. P. 12(b)(3)..........................................................................................2

## INTRODUCTION

In an effort to claim that New Jersey has general jurisdiction over Defendant Gold Star Mortgage Financial Group Corporation ("Gold Star"), Plaintiff American Neighborhood Mortgage Acceptance Co., LLC d/b/a AnnieMac Home Mortgage's ("Plaintiff" or "AnnieMac") ignores United States Supreme Court jurisprudence. In an effort to claim specific jurisdiction, AnnieMac imposes a duty on Gold Star to be clairvoyant in foreseeing possible forum selection clauses in contracts that Gold Star is neither a party to nor a beneficiary of. Because this Court lacks personal jurisdiction over Gold Star, AnnieMac's Second Amended Complaint (the "Complaint") [ECF No. 21] must be dismissed.

The Complaint should also be dismissed for improper venue because AnnieMac has not even attempted to argue venue is proper under 28 U.S.C. § 1391. Instead, AnnieMac argues only that a forum selection clause contained in an employment agreement between one individual defendant and AnnieMac dictates that suit against four non-signatories is appropriate here. Not only is Gold Star not a signatory and not a third-party beneficiary of Lund's employment agreement, but the claims that AnnieMac asserts against Gold Star do not even rely on the employment agreement.[1] Accordingly, dismissal of the Complaint is appropriate as

---

[1] AnnieMac alleges the following claims against Gold Star: Violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq*. (Count VI); Violation of the

to Gold Star because: (1) pursuant to Federal Rule of Civil Procedure 12(b)(2), the Court lacks personal jurisdiction over Gold Star; and (2) pursuant to Federal Rule of Civil Procedure 12(b)(3) venue in New Jersey is improper.

## ARGUMENT

### A. The Complaint Should be Dismissed Because Plaintiff has Failed to Establish Both a Basis for General Jurisdiction and Specific Jurisdiction.

#### 1. The Court Lacks General Jurisdiction over Gold Star.

##### i. *Gold Star Does Not Have Continuous and Systematic Contacts with New Jersey to the Extent Necessary to Warrant Exercise of General Jurisdiction.*

In *Daimler AG v. Bauman*, 571 U.S. 117 (2014), the United States Supreme Court precluded the rule that Plaintiff now asks the Court to apply—that a corporation is subject to general jurisdiction in every state that it is registered to do business in. Specifically, *Daimler* explained that "only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Id.* at 137. The Court explained that application of "general jurisdiction in every State in which a corporation 'engages in a substantial, continuous, and systematic course of business.' . . . is unacceptably grasping." *Id.* at 138. Instead, the "paradigm bases for general jurisdiction" are the corporation's "place of incorporation and principal place of business." *Id.* at 137. "A corporation that operates in many places can

---

Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.* (Count VII); and common law civil conspiracy for misappropriation of confidential information (Count IX).

scarcely be deemed at home in all of them." *Id.* at 139 n.20. According to the Supreme Court, even a corporation's "continuous activity of some sorts within a state is not enough to support the demand that the corporation be amenable to suits unrelated to that activity." *Daimler*, 571 U.S. at 132 (quoting 326 U.S., at 318).

Since *Daimler*, numerous cases in this District have decided that registration to do business is insufficient to establish jurisdiction. *See Display Works, LLC v. Bartley*, 182 F. Supp. 3d 166 (D.N.J. 2016); *McCourt v. A.O. Smith Water Products Co.*, No. 14-cv-221 (MCA), 2015 WL 4997403, at *3 (D.N.J. Aug. 20, 2015); *Agbottah v. Orange Lake Country Club*, No. 12-cv-1019 (FLW), 2012 WL 2679440, at *3 (D.N.J. July 6, 2012) ("neither a certificate to do business in New Jersey nor mere solicitation of business is sufficient to confer general jurisdiction") (citing *Smith v. S & S Engineering Works*, 139 F. Supp. 2d 610, 620 n. 6 (D.N.J. 2001)); *Kubin v. Orange Lake Country Club, Inc.*, No. 10-cv-1643 (FLW), 2010 WL 3981908, at *3 (D.N.J. Oct. 8, 2010).

In *Display Works*, a more recent published opinion than the singular case that Plaintiff relies on, *Senju Pharm. Co., Ltd. v. Metrics, Inc.*, 96 F. Supp. 3d 428 (D.N.J. 2015), which Plaintiff fails to address, the Court found that it did not have general jurisdiction over a Defendant that is not incorporated in New Jersey, does not have its principal place of business in New Jersey, has only three employees in New Jersey, receives less than 1% of its revenues from business conducted in New Jersey,

and over the last three years has participated in twenty-four trade shows and marketing events in New Jersey. *Display Works*, 182 F. Supp. 3d at 173. The Court found that "[t]hese contacts are not so substantial or continuous and systematic as to render [defendant] at home in this state." *Id.*

Here, Gold Star has even fewer contacts with New Jersey than the defendant corporation in *Display Works*. Gold Star is not incorporated in New Jersey, does not have its principal place of business in New Jersey, does not have any employees doing business in New Jersey, has not originated any loans in New Jersey in the last three years, and less than 0.5% of all of the loans that Gold Star has originated since 2010 originated in New Jersey. The only connections that Gold Star has to New Jersey are that it is registered to do business there and is licensed as a Correspondent Resident Mortgage Lender. Plaintiff conflates mere maintenance of a license with the ongoing operation of business within a state. These are two distinctly separate things. In addition, contrary to what Plaintiff seems to imply, Gold Star's website states that it holds a *license* in New Jersey, not that it either has an office or operations in New Jersey. In fact, the site says, "We have over 40 branches operating in 35 states." New Jersey is not listed as one of those 35 states. Under *Display Works* and *Daimler* this is insufficient to establish general jurisdiction.

**ii. *Gold Star has Not Consented to General Jurisdiction in New Jersey.***

Defendant relies exclusively on *Senju Pharm. Co., Ltd. v. Metrics, Inc.*, 96 F. Supp. 3d 428 (D.N.J. 2015), to argue that Gold Star consented to jurisdiction in New Jersey because it registered to do business in New Jersey and has a license for the New Jersey Department of Banking and Insurance. *Senju* states that *Daimler* "did not disturb the consent-by-in-state service rule described in [*Burnham v. Super. Court of California*, 495 U.S. 604 (1990)]." *Senju*, 96 F. Supp. 3d at 437. Plaintiff also argues that "Judge Simandle also cited to a litany of other Third Circuit decisions supporting that jurisdiction." Pl. Opp. at 5 (citing *Bane v. Netlink, Inc.*, 925 F.2d 637, 640 (3d Cir. 1991); *Sadler v. Hallsmith SYSCO Food Servs.*, No. 08–cv-4423 (RBK)(JS), 2009 WL 1096309 (D.N.J. Apr. 21, 2009); *Allied-Signal Inc. v. Purex Ind., Inc.*, 242 N.J. Super 362 (App. Div. 1990); *Litton Indus. Sys., Inc. v. Kennedy Van Saun Corp.*, 117 N.J. Super. 52 (Law Div. 1971); *Randolph Labs v. Specialties Dev. Corp.*, 62 F. Supp. 897 (D.N.J. 1945)).

More recent case law, however, disputes the conclusion made in *Senju*. In *McCourt*, however, the court explains that the Third Circuit found in *Bane* "that a foreign corporation that registered to do business in Pennsylvania had consented to Pennsylvania's exercise of personal jurisdiction over it" because "a Pennsylvania statute explicitly empowered courts to exercise general jurisdiction over corporations that registered to do business in Pennsylvania." *McCourt*, 2015 WL

4997403, at *4 (citing *Bane*, 925 F.2d at 641). The *McCourt* Court went on to explain that after *Bane*, courts in this district found that business registration in New Jersey without actually doing business in New Jersey did not confer jurisdiction. *Id.* (citing *Kubin*, 2010 WL 3981908, at *3; *Otsuka Pharmaceutical Co., Ltd. v. Mylan Inc.*, 106 F. Supp. 3d 456, 470 (D.N.J. 2015)) ("The *Kubin* Court distinguished *Bane* based upon New Jersey's lack of an explicit statutory authorization for courts to exercise general jurisdiction over foreign corporations registering to do business in the State.").

Likewise, in *Display Works, LLC v. Bartley*, 182 F. Supp. 3d 166, 174 (D.N.J. 2016), the Court found that registration to do business in New Jersey does not equate to consent to jurisdiction because neither New Jersey's business registration statutes nor its service statute "expressly discuss consent or general jurisdiction." *Display Works* explained that the cases finding consent to jurisdiction by registration are unpersuasive as they rely on the only New Jersey state court case interpreting New Jersey's business registration statutes—*Litton Industrial Systems, Inc. v. Kennedy Van Saun Corp.*, 117 N.J. Super. 52 (N.J. Super. Ct. Law Div. 1971). *Display Works*, 182 F. Supp. 3d at 175 (citing *Sadler*, 2009 WL 1096309, at *2; *Otsuka*, 106 F. Supp. 3d at 470). *Display Works* explained that:

> *Litton* is not persuasive. The court did not base its decision on a close reading of the statutory texts, as *Bane* did. In fact, it did not look to the statutory text at all for expressions of general jurisdiction or consent. The court instead relied on Supreme Court precedent from the first half

> of last century for the proposition that "the designation of an agent in state for service of process constituted consent to be sued . . . ."

*Id.* at 176 (quoting *Litton*, 117 N.J. Super at 61). The court went on to explain that such a "sweeping proposition[] of jurisdictional power . . . cannot be squared with the Supreme Court's current statements on jurisdiction in *Daimler*." *Id.* After analyzing the development of jurisdiction jurisprudence, the *Display Works* court explained

> Were the Court to follow *Litton* and its reliance on the *Pennoyer*-era cases, it would not be able to follow the general jurisdictional structure explained in *Daimler*. *Litton* would permit the Court to exercise general jurisdiction over any corporation that completes the required registration and appointment procedures, regardless of whether the statute expressly discusses general jurisdiction. Were that so, ***Daimler's limitation on the exercise of general jurisdiction to those situations where "the corporation is essential at home" would be replaced by a single sweeping rule: registration equals general jurisdiction. That cannot be the law.***

*Id.* at 178 (emphasis added). Because consent by mere business registration "cannot be the law," this court lacks general jurisdiction over Gold Star. *See id.*

**2. The Court Lacks Specific Jurisdiction over Gold Star.**

For specific jurisdiction, a defendant's "contacts with the forum State must be created by the 'defendant *himself*.'" *Christie v. Nat'l Inst. for Newman Studies*, 258 F. Supp. 3d 494, 501 (D.N.J. 2017) (quoting *Walden v. Fiore*, 571 U.S. 277, 284 (2014)) (emphasis in original). Nevertheless, AnnieMac, in an effort claim specific jurisdiction, AnnieMac makes two arguments: (1) because AnnieMac is a New

Jersey corporation, specific jurisdiction over Gold Star in New Jersey is appropriate; and (2) Gold Star should have foreseen that a contract it is neither a party to nor a beneficiary of contained a forum selection clause in favor of New Jersey. Both of these arguments focus on AnnieMac's connections with New Jersey, not Gold Star's connections, thus the Court lacks jurisdiction.

In determining specific jurisdiction in a tort case, the plaintiff must plausibly allege:

> (1) The defendant committed an intentional tort;
>
> (2) The plaintiff felt the brunt of the harm in the forum such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of that tort; [and]
>
> (3) The defendant expressly aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity.

*Christie*, 258 F. Supp. 3d at 500 (quoting *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 265-66 (1998)). The "brunt of the harm" and "expressly aimed" inquiries under prongs two and three "must focus 'not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way.'" *Id.* at 501 (quoting *Walden*, 571 U.S. at 278). It is not enough to allege that the defendant knew that the plaintiff would suffer harm in the forum, the plaintiff must "point to specific activity indicating that the defendant *expressly aimed* its tortious conduct at the forum." *Imo Indus.*, 155 F.3d at 265 (emphasis in

original). "[T]he jurisdictional inquiry, the *Walden* Court explained, must not focus on the plaintiff's contacts with the forum; rather, "it [must] show[ ] that the *defendant* has formed a contact with the forum State." *Christie*, 258 F. Supp. 3d at 501 (*quoting* Walden, 571 U.S. at 290) (emphasis in original).

AnnieMac has simply not alleged that Gold Star aimed any conduct at New Jersey. At best, AnnieMac's claim for specific jurisdiction is that Gold Star injured AnnieMac and AnnieMac is a New Jersey corporation, but "[Knowledge] alone is insufficient to satisfy the targeting prong of the effects test." *Christie*, 258 F. Supp. 3d at 401 (quoting *IMO Indus., Inc.*, 155 F.3d at 266) (alteration in original). "*Calder* made clear that mere injury to a forum resident is not a sufficient connection to the forum." *Walden*, 571 U.S. at 278.

Plaintiff relies almost exclusively on *Strategic Prods. and Servs., LLC v. Integrated Media Techs., Inc.*, No. 18-cv-00694 (KSH)(CLW), 2019 WL 2067551 (D.N.J. May 10, 2019), to argue that Gold Star should have expected to be hauled into Court in New Jersey. Plaintiff, however, ignores key facts in making this argument. Specifically, in *Strategic Prods.*, the employees that the defendant company is alleged to have lured away *worked* in New Jersey. The facts alleged are that the plaintiff company had "approximately 650 employees, the majority of whom worked in SPS's New Jersey headquarters during the relevant time." *Id.* at *1.

Here, however, all the individual employees worked in AnnieMac's Minneapolis, Minnesota office.[2] Compl. ¶¶ 4, 6, 8, 10. The extent of Plaintiff's allegations are: (1) Plaintiff is incorporated in New Jersey; (2) the individual employee defendant's employment agreements and various other contracts between the individual defendants and AnnieMac stated that AnnieMac is a New Jersey company; and (3) the individual employee defendants may have traveled to New Jersey at one time or another for training. Compl. ¶¶ 35-40. Although not alleged in its complaint, AnnieMac includes in its brief that Lund's employment agreement contained a New Jersey choice of forum provision. Pl. Opp. at 11-12. None of this demonstrates a relationship between ***Gold Star*** and New Jersey that would rendered it reasonable for the defendant corporation to expect to be sued in a state that neither it nor its new employees worked in. Instead, Plaintiff alleges that an employment agreement that Gold Star is not a party to listed AnnieMac as a New Jersey company and, therefore, Gold Star should have expected to be forced to defend suit in New Jersey. Compl. ¶ 36. This is clearly contrary to *Christie* and *Calder*. "[W]here a defendant's '*only connection* to the forum is the plaintiff's location in the forum,'

[2] In fact, the individual employee defendants previously worked in Minnesota for Gold Star. Approximately one year prior to the individual employee defendants beginning work for Gold Star, and AnnieMac's institution of this litigation, AnnieMac reached in Minnesota and hired the individual employee defendants away from Gold Star.

the 'Third Circuit has held that specific jurisdiction cannot be exercised over defendants against whom intentional tort claims have been asserted.'" *Christie*, 258 F. Supp. 3d at 502 (quoting *Isaacs v. Trustees of Dartmouth Coll.*, No. 13-5708, 2014 WL 4186536, *11 (E.D. Pa. Aug. 25, 2014)) (emphasis in original).

**B. Venue in New Jersey is Improper because it does not Meet the Requirements of 28 U.S.C. § 1391 and the Forum Selection Clause in Lund's Employment Agreement does not Apply.**

AnnieMac's argument that venue is appropriate in New Jersey rests solely on a forum selection clause in an agreement that Gold Star is neither a party to nor a third party beneficiary of. AnnieMac does not even argue that venue is proper under 28 U.S.C. § 1391(b), because it cannot. AnnieMac also does not even allege the existence of a forum selection clause in its Complaint let alone identify the forum selection clause in Lund's employment agreement as a basis for venue, but now AnnieMac argues that venue in the District of New Jersey is appropriate because a contract between one of the five defendants and AnnieMac contained a forum selection clause.

Courts have allowed application of a forum selection clause to a non-signatory where that non-signatory was the agent, parent-corporation, subsidiary, owner of the signatory or otherwise a third-party beneficiary of the contract when signed so that application of the clause to the non-signatory is foreseeable. *See Jordan v. SEI Corp.*, No. 96-cv-1616, 1996 WL 296540, at *6 (E.D. Pa. June 4, 1996) (citing *Hugel v.*

*Corporation of Lloyd's*, 999 F.2d 206, 209–10 (7th Cir. 1993) (binding corporations owned and controlled by contracting party); *Manetti–Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 514 n. 5 (9th Cir. 1988) (binding parent companies of contracting party, as well as individual directors); *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 202–03 (3d Cir. 1983) (third party beneficiaries bound), *overruled on other grounds as recognized in Hays and Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 885 F.2d 1149, 1161 n. 22 (3d Cir. 1989))). In *Sahara Sam's Oasis, LLC v. Adams Companies, Inc.*, No. 10-cv-0881 (RMB)(AMD), 2010 WL 3199886, at *6 (D.N.J. Aug. 12, 2010), the court determined that a forum selection clause applied to non-signatories who "effectively worked as [signatory]'s sales representative in the deal and conducted business on [signatory]'s behalf in New Jersey." "Moreover, the forum selection clause is found in the contract underlying the relationships among the parties." *Id.* Likewise in *Four River Expl., LLC v. Bird Res., Inc.*, No. 09-cv-3158 (JAP), 2010 WL 216369, at *3 (D.N.J. Jan. 15, 2010), the court applied a forum selection clause where a non-signatory employee was "very substantially involved in providing the services required by the parties' agreement."

Here, Gold Star was not Lund's employer at the time Lund signed his employment agreement with AnnieMac containing the forum selection clause. Nor does Lund's employment agreement create a contractual relationship between

AnnieMac and Gold Star. AnnieMac's claims against Gold Star, for violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq.* (Count VI), and violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.* (Count VII), and common law civil conspiracy for appropriation of confidential information (Count IX) do not even refer to or rely on Lund's employment agreement. Thus, application of the forum selection clause in Lund's employment agreement to all four other non-signatory defendants is inappropriate, particularly in light of the lack of connection between the events giving rise to this action and Plaintiff's proposed forum.

## CONCLUSION

Because this Court lacks jurisdiction over Gold Star and because venue is improper in New Jersey, AnnieMac's Complaint should be dismissed.

Dated: July 29, 2019

s/ Jonathan D. Ash

Jonathan D. Ash, Esq.
Allison L. Hollows, Esq.
**FOX ROTHSCHILD LLP**
Princeton Pike Corporate Center
997 Lenox Drive
Lawrenceville, NJ 08648
Tel: (609) 896-3600
Fax: (609) 896-1469
jash@foxrothschild.com
ahollows@foxrothschild.com
*Attorneys for Defendant Gold Star Mortgage Financial Corp.*